UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

| | | |
|---|---|---|
| DORINA SCHACHTER, | : | |
| Plaintiff, | : | Case No.: |
| | : | |
| v. | : | |
| | : | |
| SUNRISE SENIOR LIVING MANAGEMENT, INC., SUNRISE SENIOR LIVING HOME CARE, INC., SUNRISE SENIOR LIVING SERVICES, INC., ENTITY DOE,* JOHN DOE,*, JANE DOE,* said "*" names being fictitious, as the real names are unknown to the Plaintiff, but which true identities will be sought via Subpoena Duces Tecum in the discovery process, | : | |
| Defendants. | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

# Notice Of Removal

Pursuant to 28 U.S.C. § 1446, defendants Sunrise Senior Living Management, Inc. and Sunrise Senior Living Services, Inc. ("Removing Defendants") hereby remove this action from the Supreme Court, Queens County, New York, to the United States District Court for the Eastern District of New York. The grounds for removal are as follows:

1.  Removing Defendants are named as defendants in a Summons With Notice filed by plaintiff Dorina Schachter in the Supreme Court of the State of New York, Queens County. The lawsuit is identified therein as *Dorina Schachter -against- Sunrise Senior Living Management, Inc., Sunrise Senior Living Home Care, Inc., Sunrise Senior Living Services, Inc. Entity Doe, John Doe, Jane Doe.*, Index No.: 701130/2018 (the "Action").

2.  In accordance with 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders that were served upon Removing Defendants in the Action are attached hereto as **Exhibit A**.

20597572v.1

3. This Court has original jurisdiction over the Action under 28 U.S.C. § 1332 and the Action may be removed, and is removed, to this Court by Removing Defendants, pursuant to 28 U.S.C. § 1441.

## Diversity Jurisdiction

4. Diversity jurisdiction pursuant to 28 U.S.C. § 1332 is based upon the action involving a matter in controversy exceeding the "sum or value of $75,000, exclusive of interests and costs," and being between "citizens of different States."

5. Plaintiff Dorina Schachter resides in New York and is a citizen of a State that is different than all defendants. *See* **Exhibit A**, Summons with Notice.

6. Defendant Sunrise Senior Living Management, Inc. is a Virginia corporation with a principal place of business in Virginia. Therefore, Sunrise Senior Living Management, Inc. is a citizen of Virginia.

7. Defendant Sunrise Senior Living Services, Inc. is a Delaware corporation with a principal place of business in Virginia. Therefore, Sunrise Senior Living Services, Inc. is a citizen of Delaware and Virginia.

8. Upon information and belief, Defendant Sunrise Senior Living Home Care, Inc. was a Delaware corporation that was dissolved in 2011, well prior to the events complained of in Plaintiff's notice. Upon information and belief, this entity was not properly joined, is not capable of being sued in this matter, and is not capable of being served with process in this litigation. Moreover, Removing Defendants are not aware of any attempted service of process on this dissolved entity. Moreover, there is no record of this entity ever doing business in New York and Plaintiff's Summons With Notice lists a service address for this entity in Virginia. *See* **Exhibit A**, Summons with Notice; **Exhibit B**, Connecticut Secretary of State Business Inquiry Records. Based on the foregoing facts, this entity should be disregarded for purposes of this

removal. If the Court feels that this entity should be considered for removal purposes, Removing Defendants aver upon information and belief that this entity was a Delaware corporation with its principal place of business in Virginia.

9. Fictitiously named defendants are disregarded for purposes of removal on diversity jurisdiction grounds. *See* 28 U.S.C. § 1441(b)(1). Therefore, defendants Entity Doe, John Doe, and Jane Doe can be disregarded for purposes of assessing diversity jurisdiction.

10. Thus, all defendants that have been properly joined and served consent in the removal of the action pursuant to 28 U.S.C. § 1446 (b)(2).

11. As the above demonstrates, the Action is between citizens of different states for purposes of 28 U.S.C. § 1332 and 28 U.S.C. § 1441.

12. The Summons With Notice states that $3,500,000 is sought for the alleged damages in the Action. *See* **Exhibit A**, Summons with Notice.

13. Accordingly, it is asserted that the amount in controversy requirement for diversity jurisdiction is satisfied pursuant to 28 U.S.C. § 1446(c)(2)(A).

14. An action commenced in New York by virtue of a summons with notice may constitute an initial pleading for purposes of removal, and therefore, removal is proper at this time. *See MBIA Ins. Corp. v. Royal Bank of Can.*, 706 F. Supp. 2d 380, 387 (S.D.N.Y. 2009) ("A summons with notice filed in accordance with New York state law 'may constitute an initial pleading for purposes of the federal removal statute,' because New York Law requires 'the summons to provide notice stating the nature of action and the relief sought–that is, information from which a defendant can ascertain removability.'") (quoting *Whitaker v. American Telecasting, Inc.*, 261 F.3d 196, 202-04 (2d Cir. 2001).

20597572v.1

15. By reason of the foregoing, the Action may be removed to this Court pursuant to 28 U.S.C. § 1441(d).

16. A true and complete copy of this Notice Of Removal will be filed with the Clerk of the Supreme Court of Queens County, New York, as required by 28 U.S.C. § 1441(d).

**WHEREFORE**, Removing Defendants pray that this Action be removed from Queens County Supreme Court to the United States District for the Eastern District of New York, and that the United States District Court for the Eastern District of New York issue such orders and process as are necessary to preserve its jurisdiction over this matter.

Date: March 21, 2018

                                       Respectfully submitted,

By:   s/ Rafael Vergara
        Rafael Vergara, Esq.
        White and Williams LLP
        7 Times Square, Suite 2900
        New York, NY 10036
        Phone: 212.244.9500
        E-mail: vergarar@whiteandwilliams.com
        *Attorneys for defendants Sunrise Senior Living Management, Inc. and Sunrise Senior Services, Inc.*

**A copy of notice of removal will be sent to:**

Jordan D. Glass, Esq.
7-11 Legion Drive, Suite M-2
Valhalla, New York 10595-2052
914-831-3087
jglass1@gmail.com

Clerk
Supreme Court Queens County
88-11 Sutphin Blvd.
Queens, New York 11435