# EXHIBIT A

 CT Corporation

**Service of Process Transmittal**
03/02/2018
CT Log Number 532893068

**TO:** Kimberly Wilburn
Sunrise Senior Living, Inc.
7902 Westpark Dr
McLean, VA 22102-4202

**RE: Process Served in New York**

**FOR:** Sunrise Senior Living Management, Inc.  (Domestic State: VA)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Dorina Schachter, Pltf. vs. Sunrise Senior Living Management, Inc., et al., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Notice(s) |
| **COURT/AGENCY:** | Queens County: Supreme Court, NY<br>Case # 7011302018 |
| **NATURE OF ACTION:** | Foreclosure Litigation - Mortgage - 70-25 Yellowstone Blvd. 17-T, Forest Hills, New York, 11375 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, New York, NY |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 03/02/2018 at 13:47 |
| **JURISDICTION SERVED :** | New York |
| **APPEARANCE OR ANSWER DUE:** | Within 20 days after service, exclusive of the day of service |
| **ATTORNEY(S) / SENDER(S):** | Jordan D. Glass<br>Jordan D. Glass, P.C.<br>7-11 Legion Drive<br>Suite M-2<br>Valhalla, NY 10595-2052<br>914-831-3087 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via  UPS Next Day Air , 1ZX212780116107386 |
| | Image SOP |
| | Email Notification,  Kimberly Wilburn  kimberly.wilburn@sunriseseniorliving.com |
| | Email Notification,  Martin Brown  Martin.Brown@sunriseseniorliving.com |
| | Email Notification,  Jeannie Blood  jean.blood@sunriseseniorliving.com |
| | Email Notification,  Amy Marzullo  amy.marzullo@sunriseseniorliving.com |
| | Email Notification,  Erica Jackson  Erica.Jackson@sunriseseniorliving.com |
| **SIGNED:** | C T Corporation System |
| **ADDRESS:** | 111 8th Ave Fl 13<br>New York, NY 10011-5213 |
| **TELEPHONE:** | 212-590-9070 |

Page 1 of  1 / SP

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

DORINA SCHACHTER,

                Plaintiff,

    - against -

SUNRISE SENIOR LIVING MANAGEMENT,
INC., SUNRISE SENIOR LIVING HOME
CARE, INC., SUNRISE SENIOR LIVING
SERVICES, INC., ENTITY DOE,* JOHN DOE,*
JANE DOE,* said "*" names being fictitious, as
the real names are unknown to the Plaintiff, but
which true identities will be sought via Subpoena
Duces Tecum in the discovery process,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Index No. ___701130/2018___

Index No. Purchased 01/23/18

Plaintiff designates Queens
County as the place of trial

**SUMMONS WITH NOTICE**

Plaintiff Demands Trial by Jury

<u>Venue</u>: is based on Plaintiff's
residence at 70-25 Yellowstone
Blvd., 17-T, Forest Hills,
New York 11375

**TO THE ABOVE-NAMED DEFENDANTS:**

     **YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve

a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of

appearance, on the Plaintiff's attorney within 20 days after the service of this summons,

exclusive of the day of service (or within 30 days after the service is complete if this summons is

not personally delivered to you within the State of New York); and in case of your failure to

appear or answer, judgment will be taken against you by default for the relief demanded in the

complaint.

Dated: Forest Hills, New York
       18 January 2018

                                Yours, etc.,
                                JORDAN D. GLASS, P.C.,
                                /S *Jordan D. Glass*

-1-

by: Jordan D. Glass, Esq.
Attorneys for Plaintiff Dorina Schachter
7-11 Legion Drive, Suite M-2
Valhalla, New York 10595-2052
914-831-3087; fax: 914-239-4809
Cell, *preferred*: 914-584-2424
<jglass1@gmail.com>

To:     SUNRISE SENIOR LIVING HOME CARE, INC.
        SUNRISE SENIOR LIVING - CORPORATE PARALEGAL
        7900 WESTPARK DRIVE, SUITE T-900
        MCLEAN, VA, 22102

        SUNRISE SENIOR LIVING MANAGEMENT, INC.
        ATTN: CORPORATE LEGAL DEPARTMENT
        7902 WESTPARK DRIVE
        MCLEAN, VA  22102

        SUNRISE SENIOR LIVING MANAGEMENT, INC.
        SUNRISE SENIOR LIVING SERVICES, INC.
        c/o CT CORPORATION SYSTEM
        111 EIGHTH AVE
        NEW YORK, NEW YORK  10011

        SUNRISE SENIOR LIVING MANAGEMENT, INC.
        SUNRISE SENIOR LIVING SERVICES, INC.
        c/o CT CORPORATION SYSTEM
        67 BURNSIDE AVE
        EAST HARTFORD, CT  06108-3408

        SUNRISE SENIOR LIVING
        251 TURN OF RIVER ROAD
        STAMFORD, CT  06905

        SECRETARY OF THE STATE
        30 TRINITY STREET
        HARTFORD, CT  06106-0470

        LAURA MCDUFFIE, CEO
        7900 WESTPARK DR, STE T-900
        MCLEAN, VIRGINIA  22102

-2-

MARC RODER, CEO
7902 WESTPARK DR
MCLEAN, VIRGINIA 22102

### NOTICE

Plaintiff entered the facilities of the Defendants, located at Sunrise Senior Living,
251 Turn of River Road, Stamford, Connecticut, in or about January 2017, voluntarily and for
purposes of living a peaceful and safe life, to enjoy each sunrise every day in the golden sunset
years of her life, paying a full fee as demanded by the Defendants, under the terms of the contract
demanded by the Defendants, which contract included the implied covenant of good faith and
fair dealing as well as a representation of competency and compassion, protection and
perseverance, Defendants, without right, waiver, justification or cause, violated the contract, both
in fact and in spirit, and the rights of the Plaintiff, both in fact and in spirit, causing the Plaintiff
intentional, grossly negligent, reckless and negligent injury and damages, as well as breaching the
contract depsite the offer, acceptance, consideration and mutual agreement of the Parties.

**Causes of Action include but are not limited to:**

**Assault and/or Battery:**  At least one Defendant person (a John Doe or Jane
Doe) in the employ of or an agent of the Defendant entity or entities intentionally and improperly
and not for any purpose or with waiver, permission, justification or as of right, grabbed the
Plaintiff and injured her, was the proximate and legal cause of her injuries, which included
leaving hand and finger marks on her arms and bruises on her head, and caused her actual mental
and physical injury. Plaintiff was conversant and ambulatory prior to the assault and/or battery,
and became non-verbal and confused and sedentary after the assault and/or battery. Plaintiff was
– only the next day and not even in response to the physical and mental injuries sustained by the

-3-

Plaintiff at the hands and horrifying grossly negligent and reckless behavior of the Defendants –

transported to the hospital where the doctors and Adult Protective Services documented and

treated her injuries. Based upon the injuries sustained by the Plaintiff at the hands of and due to

the failed procedures of the Defendants, Defendants caused injury to the Plaintiff and are liable to

the Plaintiff in an amount not less than $3.5 million.

**Elder Abuse:** Based upon all of the facts and circumstances stated herein

throughout, including the assault and/or battery elucidated above and the hospital record, the

injuries to the Plaintiff constitute Elder Abuse. Based upon the injuries sustained by the Plaintiff

at the hands of and due to the failed procedures of the Defendants, Defendants caused injury to

the Plaintiff and are liable to the Plaintiff in an amount not less than $3.5 million.

**Gross Negligence:** Based upon all of the facts and circumstances stated herein

throughout, the failure to supervise, failure to train, failure to report, failure to document, failure

to take immediate and remediative action, and the duty of the Defendants to the Plaintiff, the

breach of that duty, that the Defendants' actions and inactions were both the legal and proximate

cause of the injuries and damages to the Plaintiff, without waiver, permission, justification or

right, the Defendants are liable in Gross Negligence to the Plaintiff in an amount not less than

$3.5 million.

**Recklessness:** Based upon all of the facts and circumstances stated herein

throughout, the failure to supervise, failure to train, failure to report, failure to document, failure

to take immediate and remediative action, and the duty of the Defendants to the Plaintiff, the

breach of that duty, that the Defendants' actions and inactions were both the legal and proximate

cause of the injuries and damages to the Plaintiff, without waiver, permission, justification or

-4-

right, the Defendants are liable for having shown Recklessness and Reckless Disregard to the Plaintiff and have damaged Plaintiff in an amount not less than $3.5 million.

**Negligence:** Based upon all of the facts and circumstances stated herein throughout, the failure to supervise, failure to train, failure to report, failure to document, failure to take immediate and remediative action, and the duty of the Defendants to the Plaintiff, the breach of that duty, that the Defendants' actions and inactions were both the legal and proximate cause of the injuries and damages to the Plaintiff, without waiver, permission, justification or right, the Defendants are liable for having been Negligent in their mistreatment of the Plaintiff and have damaged Plaintiff in an amount not less than $3.5 million.

**Failure to Take Reasonable Action to Prevent Injury, Failure to Supervise, Failure to Train, Failure to Document an Injury, Failure to Report an Injury, Falsifying Records, Failure to Take Reasonable Action to Treat Injury:** Based upon all of the facts and circumstances stated herein throughout, and each and every one of the failures enumerated or identified herein throughout, that the Defendants and each of them owed a duty of non-harm and care to the Plaintiff, and the breach of the duty of the Defendants to the Plaintiff, that the Defendants' actions and inactions were both the legal and proximate cause of the injuries and damages to the Plaintiff, without waiver, permission, justification or right, the Defendants are liable for having been Negligent in their failures and such impacts upon the Plaintiff and have damaged Plaintiff in an amount not less than $3.5 million.

**Breach of Contract, Breach of Implied Covenant of Good Faith and Fair Dealing:** Based upon all of the facts and circumstances stated herein throughout, wherein the Defendants and Plaintiff entered into a contract with the Plaintiff, with mutual promises based

-5-

upon and through Defendants' offer, acceptance, agreement and consideration, Defendants

breached such contract, both in fact and in spirit, including breaching the implied covenant of

good faith and fair dealing, including but not limited to each of the failures stated herein

throughout, resulting in the physical and mental injuries to the Plaintiff, Plaintiff has been

damaged in an amount not less than $3.5 million.

      **The Relief Sought:** Plaintiff seeks damages against the Defendants and each of

them, jointly and severally, on each cause of action, and on the totality of the damages, in an

amount of not less than $3.5 million, plus legal fees, costs, expenses and disbursements in the

action, along with such additional, different, further and other relief as may be just in the

premises.

      **Default:** Should Defendants or any of them fail to appear herein, judgment will

be entered by default against each of the non-appearing Defendant or Defendants in the sum of

$3.5 million, with interest from the date of the first amount underlying therefrom.

      **Venue:** Venue is based on Plaintiff's residence at 70-25 Yellowstone Blvd.,

17-T, Forest Hills, New York 11375.

-6-

## ATTORNEY VERIFICATION

STATE OF NEW YORK    }
                    } ss.:
COUNTY OF QUEENS    }

I, Jordan D. Glass, am an attorney admitted to practice law in the courts of New York State and say:

I am the attorney of record for Plaintiff DORINA SCHACHTER and have read the annexed VERIFIED SUMMONS WITH NOTICE and know the contents thereof and the same are true to my knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters I believe them to be true. My belief, as to those matters therein not stated upon knowledge, is based upon the following: a review of my client's file and the pleadings filed in the action.

This attorney verification is in lieu of a verification by the plaintiff and is due to the fact that the Plaintiff does not reside in the County in which the offices of this attorney are located. I affirm that the foregoing statements are true under penalties of perjury.

_____
JORDAN D. GLASS

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF** QUEENS

-------------------------------------------------------------------X

DORINA SCHACHTER,

                     Plaintiff/Petitioner,

      - against -                      Index No.  701130/2018

SUNRISE SENIOR LIVING MANAGEMENT, INC., et al.,

                     Defendant/Respondent.

-------------------------------------------------------------------X

## NOTICE OF COMMENCEMENT OF ACTION
## SUBJECT TO MANDATORY ELECTRONIC FILING

      PLEASE TAKE NOTICE that the matter captioned above has been commenced as an electronically filed case in the New York State Courts Electronic Filing System ("NYSCEF") as required by CPLR § 2111 and Uniform Rule § 202.5-bb (mandatory electronic filing). This notice is being served as required by that rule.

      NYSCEF is designed for the electronic filing of documents with the County Clerk and the court and for the electronic service of those documents, court documents, and court notices upon counsel and unrepresented litigants who have consented to electronic filing.

      Electronic filing offers significant benefits for attorneys and litigants, permitting papers to be filed with the County Clerk and the court and served on other parties simply, conveniently, and quickly. NYSCEF case documents are filed with the County Clerk and the court by filing on the NYSCEF Website, which can be done at any time of the day or night on any day of the week. The documents are served automatically on all consenting e-filers as soon as the document is uploaded to the website, which sends out an immediate email notification of the filing.

      The NYSCEF System charges no fees for filing, serving, or viewing the electronic case record, nor does it charge any fees to print any filed documents. Normal filing fees must be paid, but this can be done on-line.

      **Parties represented by an attorney:** An attorney representing a party who is served with this notice must either: 1) immediately record his or her representation within the e-filed matter on the NYSCEF site; or 2) file the Notice of Opt-Out form with the clerk of the court where this action is pending. Exemptions from mandatory e-filing are limited to attorneys who certify in good faith that they lack the computer hardware and/or scanner and/or internet connection or that they lack (along with all employees subject to their direction) the operational knowledge to comply with e-filing requirements. [Section 202.5-bb(e)]

      **Parties not represented by an attorney: Unrepresented litigants are exempt from e-filing. They can serve and file documents in paper form and must be served with documents in paper form.** However, an unrepresented litigant may participate in e-filing.

For information on how to participate in e-filing, unrepresented litigants should contact the appropriate clerk in the court where the action was filed or visit www.nycourts.gov/efile-unrepresented. Unrepresented litigants also are encouraged to visit www.nycourthelp.gov or contact the Help Center in the court where the action was filed. An unrepresented litigant who consents to e-filing may cease participation at any time. However, the other parties may continue to e-file their court documents in the case.

For additional information about electronic filing and to create a NYSCEF account, visit the NYSCEF website at www.nycourts.gov/efile or contact the NYSCEF Resource Center (phone: 646-386-3033; e-mail: efile@nycourts.gov).

Dated: 23 January 2018 _____

/S Jordan D. Glass _____          7-11 Legion Drive, Suite M-2 _____
        Signature                                        Address

Jordan D. Glass                             Valhalla, New York 10595-2052 _____
        Name

JORDAN D. GLASS, P.C. _____       914-831-3087 _____
        Firm Name                                       Phone

                                            jglass1@gmail.com _____
                                                        E-Mail


To:                                         SUNRISE SENIOR LIVING MANAGEMENT, INC.
                                            SUNRISE SENIOR LIVING SERVICES, INC.
SUNRISE SENIOR LIVING HOME CARE, INC.       c/o CT CORPORATION SYSTEM
SUNRISE SENIOR LIVING - CORPORATE PARALEGAL 67 BURNSIDE AVE
7900 WESTPARK DRIVE, SUITE T-900            EAST HARTFORD, CT 06108-3408
MCLEAN, VA, 22102

                                            SUNRISE SENIOR LIVING
SUNRISE SENIOR LIVING MANAGEMENT, INC.      251 TURN OF RIVER ROAD
ATTN: CORPORATE LEGAL DEPARTMENT            STAMFORD, CT 06905
7902 WESTPARK DRIVE
MCLEAN, VA 22102
                                            SECRETARY OF THE STATE
                                            30 TRINITY STREET
SUNRISE SENIOR LIVING MANAGEMENT, INC.      HARTFORD, CT 06106-0470
SUNRISE SENIOR LIVING SERVICES, INC.
c/o CT CORPORATION SYSTEM
111 EIGHTH AVE                              LAURA MCDUFFIE, CEO
NEW YORK, NEW YORK 10011                    7900 WESTPARK DR, STE T-900
                                            MCLEAN, VIRGINIA 22102

                                            MARC RODER, CEO
                                            7902 WESTPARK DR
                                            MCLEAN, VIRGINIA 22102

 CT Corporation

**Service of Process Transmittal**
03/02/2018
CT Log Number 532894109

TO:   Kimberly Wilburn
      Sunrise Senior Living, Inc.
      7902 Westpark Dr
      McLean, VA 22102-4202

RE:   **Process Served in New York**

FOR:  Sunrise Senior Living Services, Inc.  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | DORINA SCHACHTER, Pltf. vs. SUNRISE SENIOR LIVING MANAGEMENT, INC., et al., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Verification |
| **COURT/AGENCY:** | Queens County: Supreme Court, NY<br>Case # 7011302018 |
| **NATURE OF ACTION:** | Foreclosure Litigation - Mortgage - 70-25 Yellowstone Blvd., I 7-T, Forest Hills, New York 11375 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, New York, NY |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 03/02/2018 at 13:47 |
| **JURISDICTION SERVED :** | New York |
| **APPEARANCE OR ANSWER DUE:** | Within 20 days after service, exclusive of the day of service |
| **ATTORNEY(S) / SENDER(S):** | Jordan D. Glass<br>7-11 Legion Drive, Suite M-2<br>Valhalla, NY 10595-2052<br>914-831-3087 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via  UPS Next Day Air , 1ZX212780116107386 |
| | Image SOP |
| | Email Notification,  Kimberly Wilburn  kimberly.wilburn@sunriseseniorliving.com |
| | Email Notification,  Martin Brown  Martin.Brown@sunriseseniorliving.com |
| | Email Notification,  Jeannie Blood  jean.blood@sunriseseniorliving.com |
| | Email Notification,  Amy Marzullo  amy.marzullo@sunriseseniorliving.com |
| | Email Notification,  Erica Jackson  Erica.Jackson@sunriseseniorliving.com |
| **SIGNED:** | C T Corporation System |
| **ADDRESS:** | 111 8th Ave Fl 13<br>New York, NY 10011-5213 |
| **TELEPHONE:** | 212-590-9070 |

Page 1 of  1 / CJ

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

DORINA SCHACHTER,

                              Plaintiff,

              - against -

SUNRISE SENIOR LIVING MANAGEMENT,
INC., SUNRISE SENIOR LIVING HOME
CARE, INC., SUNRISE SENIOR LIVING
SERVICES, INC., ENTITY DOE,* JOHN DOE,*
JANE DOE,* said "*" names being fictitious, as
the real names are unknown to the Plaintiff, but
which true identities will be sought via Subpoena
Duces Tecum in the discovery process,

                              Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Index No. _701130/2018_

Index No. Purchased 01/23/18

Plaintiff designates Queens
County as the place of trial

**SUMMONS WITH NOTICE**

Plaintiff Demands Trial by Jury

**Venue**: is based on Plaintiff's
residence at 70-25 Yellowstone
Blvd., 17-T, Forest Hills,
New York 11375

**TO THE ABOVE-NAMED DEFENDANTS:**

**YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve

a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of

appearance, on the Plaintiff's attorney within 20 days after the service of this summons,

exclusive of the day of service (or within 30 days after the service is complete if this summons is

not personally delivered to you within the State of New York); and in case of your failure to

appear or answer, judgment will be taken against you by default for the relief demanded in the

complaint.

Dated: Forest Hills, New York
        18 January 2018

Yours, etc.,
JORDAN D. GLASS, P.C.,
/S _Jordan D. Glass_

-1-

by: Jordan D. Glass, Esq.
Attorneys for Plaintiff Dorina Schachter
7-11 Legion Drive, Suite M-2
Valhalla, New York 10595-2052
914-831-3087; fax: 914-239-4809
Cell, *preferred*: 914-584-2424
<jglass1@gmail.com>

To:    SUNRISE SENIOR LIVING HOME CARE, INC.
       SUNRISE SENIOR LIVING - CORPORATE PARALEGAL
       7900 WESTPARK DRIVE, SUITE T-900
       MCLEAN, VA, 22102

       SUNRISE SENIOR LIVING MANAGEMENT, INC.
       ATTN: CORPORATE LEGAL DEPARTMENT
       7902 WESTPARK DRIVE
       MCLEAN, VA 22102

       SUNRISE SENIOR LIVING MANAGEMENT, INC.
       SUNRISE SENIOR LIVING SERVICES, INC.
       c/o CT CORPORATION SYSTEM
       111 EIGHTH AVE
       NEW YORK, NEW YORK 10011

       SUNRISE SENIOR LIVING MANAGEMENT, INC.
       SUNRISE SENIOR LIVING SERVICES, INC.
       c/o CT CORPORATION SYSTEM
       67 BURNSIDE AVE
       EAST HARTFORD, CT 06108-3408

       SUNRISE SENIOR LIVING
       251 TURN OF RIVER ROAD
       STAMFORD, CT 06905

       SECRETARY OF THE STATE
       30 TRINITY STREET
       HARTFORD, CT 06106-0470

       LAURA MCDUFFIE, CEO
       7900 WESTPARK DR, STE T-900
       MCLEAN, VIRGINIA 22102

-2-

Case 1:18-cv-01766-BMC  Document 1-1  Filed 03/21/18  Page 15 of 21 PageID #: 19

MARC RODER, CEO
7902 WESTPARK DR
MCLEAN, VIRGINIA  22102

### NOTICE

Plaintiff entered the facilities of the Defendants, located at Sunrise Senior Living, 251 Turn of River Road, Stamford, Connecticut, in or about January 2017, voluntarily and for purposes of living a peaceful and safe life, to enjoy each sunrise every day in the golden sunset years of her life, paying a full fee as demanded by the Defendants, under the terms of the contract demanded by the Defendants, which contract included the implied covenant of good faith and fair dealing as well as a representation of competency and compassion, protection and perseverance, Defendants, without right, waiver, justification or cause, violated the contract, both in fact and in spirit, and the rights of the Plaintiff, both in fact and in spirit, causing the Plaintiff intentional, grossly negligent, reckless and negligent injury and damages, as well as breaching the contract depsite the offer, acceptance, consideration and mutual agreement of the Parties.

### Causes of Action include but are not limited to:

**Assault and/or Battery:** At least one Defendant person (a John Doe or Jane Doe) in the employ of or an agent of the Defendant entity or entities intentionally and improperly and not for any purpose or with waiver, permission, justification or as of right, grabbed the Plaintiff and injured her, was the proximate and legal cause of her injuries, which included leaving hand and finger marks on her arms and bruises on her head, and caused her actual mental and physical injury. Plaintiff was conversant and ambulatory prior to the assault and/or battery, and became non-verbal and confused and sedentary after the assault and/or battery. Plaintiff was – only the next day and not even in response to the physical and mental injuries sustained by the

-3-

Plaintiff at the hands and horrifying grossly negligent and reckless behavior of the Defendants –

transported to the hospital where the doctors and Adult Protective Services documented and

treated her injuries. Based upon the injuries sustained by the Plaintiff at the hands of and due to

the failed procedures of the Defendants, Defendants caused injury to the Plaintiff and are liable to

the Plaintiff in an amount not less than $3.5 million.

**Elder Abuse:** Based upon all of the facts and circumstances stated herein

throughout, including the assault and/or battery elucidated above and the hospital record, the

injuries to the Plaintiff constitute Elder Abuse. Based upon the injuries sustained by the Plaintiff

at the hands of and due to the failed procedures of the Defendants, Defendants caused injury to

the Plaintiff and are liable to the Plaintiff in an amount not less than $3.5 million.

**Gross Negligence:** Based upon all of the facts and circumstances stated herein

throughout, the failure to supervise, failure to train, failure to report, failure to document, failure

to take immediate and remediative action, and the duty of the Defendants to the Plaintiff, the

breach of that duty, that the Defendants' actions and inactions were both the legal and proximate

cause of the injuries and damages to the Plaintiff, without waiver, permission, justification or

right, the Defendants are liable in Gross Negligence to the Plaintiff in an amount not less than

$3.5 million.

**Recklessness:** Based upon all of the facts and circumstances stated herein

throughout, the failure to supervise, failure to train, failure to report, failure to document, failure

to take immediate and remediative action, and the duty of the Defendants to the Plaintiff, the

breach of that duty, that the Defendants' actions and inactions were both the legal and proximate

cause of the injuries and damages to the Plaintiff, without waiver, permission, justification or

-4-

right, the Defendants are liable for having shown Recklessness and Reckless Disregard to the Plaintiff and have damaged Plaintiff in an amount not less than $3.5 million.

**Negligence:** Based upon all of the facts and circumstances stated herein throughout, the failure to supervise, failure to train, failure to report, failure to document, failure to take immediate and remediative action, and the duty of the Defendants to the Plaintiff, the breach of that duty, that the Defendants' actions and inactions were both the legal and proximate cause of the injuries and damages to the Plaintiff, without waiver, permission, justification or right, the Defendants are liable for having been Negligent in their mistreatment of the Plaintiff and have damaged Plaintiff in an amount not less than $3.5 million.

**Failure to Take Reasonable Action to Prevent Injury, Failure to Supervise, Failure to Train, Failure to Document an Injury, Failure to Report an Injury, Falsifying Records, Failure to Take Reasonable Action to Treat Injury:** Based upon all of the facts and circumstances stated herein throughout, and each and every one of the failures enumerated or identified herein throughout, that the Defendants and each of them owed a duty of non-harm and care to the Plaintiff, and the breach of the duty of the Defendants to the Plaintiff, that the Defendants' actions and inactions were both the legal and proximate cause of the injuries and damages to the Plaintiff, without waiver, permission, justification or right, the Defendants are liable for having been Negligent in their failures and such impacts upon the Plaintiff and have damaged Plaintiff in an amount not less than $3.5 million.

**Breach of Contract, Breach of Implied Covenant of Good Faith and Fair Dealing:** Based upon all of the facts and circumstances stated herein throughout, wherein the Defendants and Plaintiff entered into a contract with the Plaintiff, with mutual promises based

-5-

upon and through Defendants' offer, acceptance, agreement and consideration, Defendants breached such contract, both in fact and in spirit, including breaching the implied covenant of good faith and fair dealing, including but not limited to each of the failures stated herein throughout, resulting in the physical and mental injuries to the Plaintiff, Plaintiff has been damaged in an amount not less than $3.5 million.

**The Relief Sought:** Plaintiff seeks damages against the Defendants and each of them, jointly and severally, on each cause of action, and on the totality of the damages, in an amount of not less than $3.5 million, plus legal fees, costs, expenses and disbursements in the action, along with such additional, different, further and other relief as may be just in the premises.

**Default:** Should Defendants or any of them fail to appear herein, judgment will be entered by default against each of the non-appearing Defendant or Defendants in the sum of $3.5 million, with interest from the date of the first amount underlying therefrom.

**Venue:** Venue is based on Plaintiff's residence at 70-25 Yellowstone Blvd., 17-T, Forest Hills, New York 11375.

-6-

## ATTORNEY VERIFICATION

STATE OF NEW YORK    }
                         } ss.:
COUNTY OF QUEENS    }

          I, Jordan D. Glass, am an attorney admitted to practice law in the courts of New York State and say:

          I am the attorney of record for Plaintiff DORINA SCHACHTER and have read the annexed VERIFIED SUMMONS WITH NOTICE and know the contents thereof and the same are true to my knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters I believe them to be true. My belief, as to those matters therein not stated upon knowledge, is based upon the following: a review of my client's file and the pleadings filed in the action.

          This attorney verification is in lieu of a verification by the plaintiff and is due to the fact that the Plaintiff does not reside in the County in which the offices of this attorney are located. I affirm that the foregoing statements are true under penalties of perjury.

                                                                         JORDAN D. GLASS

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF** QUEENS

-----------------------------------------------------------------X

DORINA SCHACHTER,

                Plaintiff/Petitioner,

    - against -                      Index No.  701130/2018

SUNRISE SENIOR LIVING MANAGEMENT, INC., et al.,

                Defendant/Respondent.

-----------------------------------------------------------------X

## NOTICE OF COMMENCEMENT OF ACTION
## SUBJECT TO MANDATORY ELECTRONIC FILING

      PLEASE TAKE NOTICE that the matter captioned above has been commenced as an electronically filed case in the New York State Courts Electronic Filing System ("NYSCEF") as required by CPLR § 2111 and Uniform Rule § 202.5-bb (mandatory electronic filing). This notice is being served as required by that rule.

      NYSCEF is designed for the electronic filing of documents with the County Clerk and the court and for the electronic service of those documents, court documents, and court notices upon counsel and unrepresented litigants who have consented to electronic filing.

      Electronic filing offers significant benefits for attorneys and litigants, permitting papers to be filed with the County Clerk and the court and served on other parties simply, conveniently, and quickly. NYSCEF case documents are filed with the County Clerk and the court by filing on the NYSCEF Website, which can be done at any time of the day or night on any day of the week. The documents are served automatically on all consenting e-filers as soon as the document is uploaded to the website, which sends out an immediate email notification of the filing.

      The NYSCEF System charges no fees for filing, serving, or viewing the electronic case record, nor does it charge any fees to print any filed documents. Normal filing fees must be paid, but this can be done on-line.

      **Parties represented by an attorney:** An attorney representing a party who is served with this notice must either: 1) immediately record his or her representation within the e-filed matter on the NYSCEF site; or 2) file the Notice of Opt-Out form with the clerk of the court where this action is pending. Exemptions from mandatory e-filing are limited to attorneys who certify in good faith that they lack the computer hardware and/or scanner and/or internet connection or that they lack (along with all employees subject to their direction) the operational knowledge to comply with e-filing requirements. [Section 202.5-bb(e)]

      **Parties not represented by an attorney: Unrepresented litigants are exempt from e-filing. They can serve and file documents in paper form and must be served with documents in paper form.** However, an unrepresented litigant may participate in e-filing.

For information on how to participate in e-filing, unrepresented litigants should contact the appropriate clerk in the court where the action was filed or visit www.nycourts.gov/efile-unrepresented. Unrepresented litigants also are encouraged to visit www.nycourthelp.gov or contact the Help Center in the court where the action was filed. An unrepresented litigant who consents to e-filing may cease participation at any time. However, the other parties may continue to e-file their court documents in the case.

For additional information about electronic filing and to create a NYSCEF account, visit the NYSCEF website at www.nycourts.gov/efile or contact the NYSCEF Resource Center (phone: 646-386-3033; e-mail: efile@nycourts.gov).

Dated:  23 January 2018

/S Jordan D. Glass

Signature

Jordan D. Glass

Name

JORDAN D. GLASS, P.C.

Firm Name

7-11 Legion Drive, Suite M-2

Address

Valhalla, New York 10595-2052

914-831-3087

Phone

jglass1@gmail.com

E-Mail

To:

SUNRISE SENIOR LIVING HOME CARE, INC.
SUNRISE SENIOR LIVING - CORPORATE PARALEGAL
7900 WESTPARK DRIVE, SUITE T-900
MCLEAN, VA, 22102

SUNRISE SENIOR LIVING MANAGEMENT, INC.
ATTN: CORPORATE LEGAL DEPARTMENT
7902 WESTPARK DRIVE
MCLEAN, VA 22102

SUNRISE SENIOR LIVING MANAGEMENT, INC.
SUNRISE SENIOR LIVING SERVICES, INC.
c/o CT CORPORATION SYSTEM
111 EIGHTH AVE
NEW YORK, NEW YORK 10011

SUNRISE SENIOR LIVING MANAGEMENT, INC.
SUNRISE SENIOR LIVING SERVICES, INC.
c/o CT CORPORATION SYSTEM
67 BURNSIDE AVE
EAST HARTFORD, CT 06108-3408

SUNRISE SENIOR LIVING
251 TURN OF RIVER ROAD
STAMFORD, CT 06905

SECRETARY OF THE STATE
30 TRINITY STREET
HARTFORD, CT 06106-0470

LAURA MCDUFFIE, CEO
7900 WESTPARK DR, STE T-900
MCLEAN, VIRGINIA 22102

MARC RODER, CEO
7902 WESTPARK DR
MCLEAN, VIRGINIA 22102